ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT LETTER CONCERNING ACTIVITIES OF THE OKLAHOMA MUNICIPAL LEAGUE.
ALTHOUGH THE ATTORNEY GENERAL ACTS AS LEGAL ADVISOR FOR STATE OFFICERS, AGENCIES, BOARDS AND COMMISSIONS, THE GOVERNOR AND THE LEGISLATURE, HE HAS NO INHERENT AUTHORITY TO INSTITUTE LITIGATION SUCH AS THAT YOU HAVE REQUESTED, NOR DOES HE HAVE ANY INDEPENDENT ENFORCEMENT POWERS WITH RESPECT TO ATTORNEY GENERAL OPINIONS ISSUED BY HIM OR HIS PREDECESSORS. UNLIKE MANY STATES, OKLAHOMA HAS GREATLY RESTRICTED THE COMMON LAW POWERS OF THE ATTORNEY GENERAL. SEE 74 O.S. 18B (1988). THUS, IN OKLAHOMA THE ATTORNEY GENERAL MAY NOT ORDINARILY FILE AN ACTION WITHOUT THE REQUEST OF THE GOVERNOR OR LEGISLATURE OR THE STATE AGENCY HE REPRESENTS.
MOREOVER, IN THE CASE YOU DESCRIBE, IT IS UNCLEAR WHAT STANDING THIS OFFICE WOULD HAVE TO FILE SUCH AN ACTION, AS I ASSUME THE MONIES PAID FOR MEMBERSHIP IN THE MUNICIPAL LEAGUE ARE DERIVED FROM MUNICIPALITIES AND NOT STATE TAX REVENUES. IF THIS IS THE CASE, THE MATTER WOULD PERHAPS FALL WITHIN THE AMBIT OF THE TAXPAYER RECOVERY STATUTES FOUND AT 62 O.S. 372 (1981) ET.SEQ.
(SUSAN BRIMER LOVING)